Patricia COTLOW, Phillip Krass, Sharon LaComb, James Stein and Theodore Suss, individually and on behalf of all Citizens of Minnesota similarly situated, Plaintiffs,

and

John Walker, Howard Miller, Don Sudor, and Nkajlo Vangh, Plaintiff–Intervenors,

v.

Joan GROWE, Secretary of State of Minnesota; and Patrick O'Conner, Hennepin County Auditor, individually and on behalf of all Minnesota county chief election officers, Defendants,

and

The Seventy-Seventh Minnesota State House of Representatives and the Seventy-Seventh Minnesota State Senate, Defendant–Intervenors.

Susan M. Zachman, Maryland Lucky R. Rosenbloom, Victor L.M. Gomez, Gregory J. Edeen, Jeffrey E. Karlson, Diana V. Bratlie, Brian J. LeClair and Gregory J. Ravenhorst, individually and on behalf of all citizens and voting residents of Minnesota similarly situated, Petitioners,

v.

Mary Kiffmeyer, Secretary of State of Minnesota, and Doug Gruber, Wright County Auditor, individually and on behalf of all Minnesota county chief election officers, Respondent.

Nos. C8–91–985, C0–01–160.

Supreme Court of Minnesota.

March 2, 2001.

## ORDER

*Cotlow, et al. v. Growe, et al.,* No. C8–91–985, is an action that was commenced in Hennepin County District Court in January 1991 challenging the constitutionality of the then-existing state legislative and congressional districts based on population changes reported in the 1990 Census. After the 1991 legislative session at which the legislature enacted a state legislative redistricting plan, by order dated June 4, 1991, the Chief Justice appointed a three-judge special redistricting panel to hear and decide the *Cotlow* case. The panel found the plan enacted by the 1991 Legislature invalid in October 1991. The 1992 Legislature passed a revised state legislative plan and a congressional redistricting plan, both of which were vetoed by the governor. In the absence of legislatively-enacted redistricting plans, the panel entered final judgment adopting a revised state legislative redistricting plan on January 31, 1992, and in a Final Order dated April 15, 1992, adopted a plan for congressional redistricting, subject to a then-pending federal district court injunction.[1] The Supreme Court subsequently held that the redistricting plans adopted by the panel should be used in future elections, rather than the plans adopted by a federal judicial panel. *Growe v. Emison,* 507 U.S. 25, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993). In the following legislative session, the legislature enacted into law the redistricting plans adopted by the *Cotlow* panel. *See* Act of April 11, 1994, ch. 406, 1994 Minn. Laws 94 (congressional redistricting); Act of May 9, 1994, ch. 612, 1994 Minn. Laws 130 (legislative redistricting).[2]

On January 11, 2001, the plaintiffs in the *Cotlow* case filed a motion under Minn.R.Civ.P. 60.02(e) with the *Cotlow* special redistricting panel seeking to have the judgment in that case reopened and the injunction modified to hold the current legislative and congressional districts unconstitutional based on the 2000 Census. The presiding judge of the panel informed the *Cotlow* plaintiffs that the panel considered its appointment to be coextensive and coterminus with the legislative and congressional redistricting required by the 1990 Census and that its responsibility had therefore been concluded. The *Cotlow* plaintiffs have redirected their motion to the Chief Justice, requesting that the *Cotlow* special redistricting panel be reappointed or its appointment renewed for the purpose of hearing the Rule 60.02 motion.

*Zachman, et al. v. Kiffmeyer, et al.,* No. C0–01–160, is a new action filed January 4, 2001, by a different set of plaintiffs in Wright County District Court alleging that the current legislative and congressional districts are unconstitutional based on the 2000 Census. The plaintiffs in *Zachman* have petitioned the Chief Justice to appoint a new three-judge special redistricting panel to hear and decide that case.

The Minnesota Attorney General has filed a motion in district court to dismiss the *Zachman* case as premature, on the grounds that the legislature has not yet had an opportunity to adopt redistricting plans based on the 2000 Census.[3] The plaintiffs in both *Cotlow* and *Zachman* take the position that a special redistricting panel should be appointed and should

---

1. The panel issued several subsequent orders relating to costs and disbursements, culminating in a final Order on Costs Including Attorney Fees, and Disbursements dated May 17, 1992.

2. The legislative redistricting plan enacted by the legislature in 1994 made three adjustments to the plan used in the 1992 elections to avoid dividing the cities of Willernie and New Hope and to simplify the division of Ham Lake. *Id.*

3. Data from the 2000 Census necessary to complete redistricting is not expected to be available until some time in March, 2001.

declare the current districts unconstitutional, but the panel should then wait to see if the legislature enacts redistricting plans.

With respect to the *Cotlow* plaintiffs' request for renewal of the appointment of the *Cotlow* special redistricting panel, the presiding judge of the panel is correct that the panel's appointment was coextensive and coterminus with the scope of that case. Based on the pleadings and the final orders and judgment of the panel, the *Cotlow* case concerned the validity of state legislative and congressional districts based on the 1990 Census. That matter was fully litigated and adjudicated. The Rule 60.02 motion and request for renewal of the *Cotlow* panel are based on population changes reported in the 2000 Census, changes not before the *Cotlow* panel and not within the scope of that action. Accordingly, the *Cotlow* plaintiffs' request for renewal or reappointment of the *Cotlow* special redistricting panel is denied.

■ The *Zachman* challenge to the current district boundaries and the related petition for appointment of a new special redistricting panel is also based on changes in population reported in the 2000 Census. The Chief Justice has authority to appoint a special redistricting panel under Minn.Stat. §§ 2.724 and 480.16 (2000). No party has objected to adjudication of a court challenge to legislative and congressional redistricting based on the 2000 Census by a special redistricting panel. For reasons of judicial economy, as well as fairness and balance in the adjudication of the particularly important and sensitive issues inherent in redistricting, a three-judge panel should be appointed to hear and decide the *Zachman* case and any other redistricting challenges that may be filed based on the 2000 Census. Accordingly, the petition of the *Zachman* plaintiffs for appointment of a three-judge special redistricting panel is granted.

As the parties acknowledge, however, redistricting is primarily a legislative function. *See Growe v. Emison*, 507 U.S. at 34, 113 S.Ct. 1075 ("[R]eapportionment is primarily the duty and responsibility of the State through its legislative or other body * * *.") (quoting *Chapman v. Meier*, 420 U.S. 1, 95 S.Ct. 751, 42 L.Ed.2d 766 (1975)). In 1991, the redistricting panel was not appointed until June, after the legislature had an opportunity to enact redistricting plans. At this point, the 2001 Legislature is still in session and has not had that opportunity.

■ Both the *Cotlow* and *Zachman* plaintiffs urge the immediate appointment of a panel so that the existing district lines can be declared unconstitutional and the legislature thereby put on notice that new plans must be adopted. The legislature has established a Geographic Information Systems Office to maintain the data, facilities, and technical capacity to draw electoral boundaries, Minn.Stat. § 3.305, subd. 5 (2000), and has been making preparations for redistricting that would be required by the 2000 Census for more than a year. *See* Minnesota Geographic Information Systems Office, *Minnesota Redistricting Timetable,* at http://www.commissions.leg.state.mn/gis/html/redtime.htm (last updated Oct. 27, 2000). Accordingly, there is no need for an immediate declaration of unconstitutionality in order to apprise the legislature of the necessity for redistricting. While the need to have state legislative and congressional district lines drawn in time for the 2002 election cycle imposes undeniable time constraints on this process, it is important that the primacy of the legislative role in the redistricting process be honored and that the judiciary not be drawn prematurely into that process.

■ For these reasons, while the *Zachman* petition to appoint a special redistricting panel to hear and decide issues relating to redistricting that must ultimately be resolved by the judicial branch is granted, the appointment of the panel is stayed. When it is determined that panel action must commence in order that the

judicial branch can fulfill its proper role in assuring that valid redistricting plans are in place in time for the 2002 state legislative and congressional elections, the stay will be lifted and a panel appointed.

Based on all the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. The motion of the *Cotlow* plaintiffs for reappointment or renewal of the prior appointment of the *Cotlow* special redistricting panel be, and the same is, denied.

2. The motion of the *Zachman* plaintiffs for the appointment of a three-judge special redistricting panel to hear and decide challenges to the validity of state legislative and congressional districts based on the 2000 Census be, and the same is, granted.

3. Appointment of the special redistricting panel is stayed until further order of the Chief Justice.

BY THE COURT:
/s/Kathleen A. Blatz
Chief Justice